## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DEON N. STEWMAN,
                Appellant,

        v.

DEPARTMENT OF AGRICULTURE,
                Agency.

DOCKET NUMBER
AT-0752-16-0647-I-1

DATE: June 22, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joseph D. Ybarra, Esquire, San Antonio, Texas, for the appellant.

Ronnie Hubbard, Jackson, Mississippi, for the appellant.

Stephanye Snowden, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

On May 10, 2016, the agency proposed to remove the appellant from his GS-8 Consumer Safety Inspector position based on a single charge of Inappropriate Conduct in the Workplace.  Initial Appeal File (IAF), Tab 9 at 25-30.  In support of the charge, the agency listed the following two specifications:  (1) engaging in inappropriate conduct of a sexual nature on March 30, 2016, while in the workplace on official duty; and (2) engaging in inappropriate conduct during a meeting with his supervisor on April 7, 2016.  *Id.* at 25-26.  The appellant responded to the proposed removal in an in-person oral conference on June 1, 2016.  *Id.* at 22-24.  He did not submit a written reply.  On June 8, 2016, the deciding official affirmed the proposed removal.  *Id.* at 17-21.  The appellant was removed effective June 25, 2016.  *Id.* at 16.

The appellant timely filed an appeal of his removal with the Board.  IAF, Tab 1.  Following a hearing, the administrative judge issued an initial decision sustaining the removal action.  IAF, Tab 24, Initial Decision (ID).  The administrative judge found that the appellant did not establish his affirmative

defenses of discrimination based on sex,[2] harmful procedural error, and due process violations.  ID at 19-31.

¶4        The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        On petition for review, the appellant only challenges the administrative judge's findings on his due process claims.[3]  Petition for Review (PFR) File, Tab 1.  The appellant reiterates his argument that his due process rights were violated when the agency did not provide him with all of the eight witness statements that were collected during its investigation of his misconduct.[4]  *Id.* at 8.  As discussed below, the appellant's arguments do not provide a basis for review.

<u>The appellant has not established that the agency violated his due process rights by not providing him with all of the witness statements.</u>

¶6        When a deciding official receives new and material information by means of ex parte communications, a due process violation has occurred and the former employee is entitled to a new constitutionally correct removal procedure.  *Stone v. Federal Deposit Insurance Corporation*, <u>179 F.3d 1368</u>, 1377 (Fed. Cir. 1999).

---

[2] Because, as noted below, the appellant does not challenge on review the administrative judge's finding that he failed to prove his discrimination claim, we do not reach the question of whether discrimination was a "but-for" cause of the removal action.  *See Pridgen v. Office of Management and Budget*, <u>2022 MSPB 31</u>, ¶¶ 20-22, 29-33.

[3] The appellant does not challenge the administrative judge's findings that the agency proved its charge of inappropriate conduct, that a nexus exists between the sustained charge and the efficiency of the service, and that the penalty was reasonable under the circumstances.  ID at 6-19.  In any event, we discern no basis for disturbing these well-reasoned findings on review.

[4] On review, the appellant states that six of eight witness statements were not provided to him.  PFR File, Tab 1 at 8.  However, the record reflects that only four witness statements were not provided to the appellant and are at issue.  Hearing Transcript (HT), Volume 2, at 155:13-16, 179:3-11 (testimony of the appellant).

In determining whether to find a due process violation, the Board must consider the facts and circumstances of each particular case. *Id.* Not every ex parte communication rises to the level of a due process violation—only ex parte communications that introduce new and material information to the deciding official constitute due process violations. *Id.* at 1376-77; *see Ward v. U.S. Postal Service,* 634 F.3d 1274, 1279 (Fed. Cir. 2011).[5] When an agency official initiates an ex parte communication "that only confirms or clarifies information already contained in the record, there is no due process violation." *Blank v. Department of the Army*, 247 F.3d 1225, 1229 (Fed. Cir. 2001).

¶7    The administrative judge addressed the appellant's argument that the agency violated his due process rights when it withheld four of eight witness statements collected during the agency's investigation.   ID at 28-29.   The administrative judge found the deciding official to be a credible witness who reasonably exercised her discretion and gave adequate consideration to the appellant's oral reply.  ID at 19.  The administrative judge relied on the deciding official's testimony that she was either not provided with, or that she did not recall being provided with, the four additional witness statements.   ID at 29; Hearing Transcript (HT), Volume 1, at 239:19-40:20 (testimony of the deciding official).[6]  In addition, he noted that the appellant did not introduce evidence to contradict or otherwise call into question the deciding official's testimony on this issue.   ID at 29.   The administrative judge found that the appellant did not establish that the deciding official improperly considered witness statements not

---

[5] In *Stone*, the U.S. Court of Appeals for the Federal Circuit identified the following factors to be used to determine if ex parte information is new and material:  (1) whether the ex parte information introduced cumulative, as opposed to new, information; (2) whether the employee knew of the information and had an opportunity to respond; and (3) whether the communication was of the type likely to result in undue pressure on the deciding official to rule in a particular manner. *Stone*, 179 F.3d at 1377.

[6] For consistency with the administrative judge's initial decision, all citations to the hearing transcript are to the individual pages within the condensed transcript at the back of each volume.  ID at 2.

previously provided to the appellant in making the decision to remove him and that, accordingly, the appellant failed to establish that a due process violation occurred. ID at 29-30.

¶8    The appellant has provided no reason for disturbing this finding on review.[7] A deciding official's knowledge of information only raises due process concerns when that knowledge is a basis for the deciding official's determinations on either the merits of the underlying charges or the penalty to be imposed. *Bennett v. Department of Justice*, [119 M.S.P.R. 685](), ¶ 10 (2013). Here, the appellant has failed to produce any evidence either below or on review to contradict the deciding official's testimony that she was not provided with, and thus could not have relied upon, the four additional witness statements at issue. ID at 29; HT, Vol. 1, at 239:19-40:20 (testimony of the deciding official). Therefore, we find that he has failed to prove that the agency violated his due process rights by not providing him with these witness statements.

¶9    Even if the deciding official had received and considered the four additional witness statements, any such communication would not violate the appellant's due process rights because these communications clarified and confirmed information that was already in the record. *See Blank*, 247 F.3d at 1229. Specifically, like the other witness statements, these four additional witness statements describe seeing the appellant engage in inappropriate misconduct of a sexual nature. *Compare* IAF, Tab 9 at 44-48, *with* IAF, Tab 14 at 15-16, 22-23 (comparing witness statements from the evidence file with the four additional

---

[7] To the extent the appellant argues he was entitled to all eight witness statements simply because they were collected during the investigation, and not because they were relied upon by the agency, this argument is without merit. *See Martel v. Department of Transportation*, [15 M.S.P.R. 141](), 155 (1983) (finding that there was no error when an agency excluded information from an adverse action proposal file if the information was not relied upon to reach the adverse action decision), *aff'd*, [735 F.2d 504]() (Fed. Cir. 1984); *Porrazzo v. Department of the Air Force*, [19 M.S.P.R. 496](), 497 n.1 (1984) (finding that the agency need not provide an entire investigation file to an employee if the proposal is based on only the portions of the file that were provided to the employee).

witness statements collected during the investigation). Thus, these statements would not have risen to the level of an ex parte communication that presented new information to the deciding official because the additional witness statements contained cumulative information regarding the appellant's propensity to engage in inappropriate misconduct of a sexual nature. Further, there is no showing that additional information regarding the appellant's inappropriate conduct would likely result in undue pressure upon the deciding official to rule in a particular manner. *Stone*, 179 F.3d at 1377. In fact, the deciding official explicitly testified that only one instance of such inappropriate misconduct, such as the charged misconduct that occurred on March 30, 2017, would warrant removal. HT, Vol. I, at 232:24-233:4 (testimony of the deciding official). Thus, even assuming that an ex parte communication did occur, the procedural defect was not so substantial and so likely to cause prejudice that it undermines the due process guarantee of notice. *Stone*, 179 F.3d at 1376.

¶10     Although we find no due process violation, we still must determine whether the agency committed harmful procedural error. *See Ward*, 634 F.3d at 1282. To prove harmful procedural error, the appellant must show both that the agency committed procedural error and that the error was harmful. *Rogers v. Department of Defense*, 122 M.S.P.R. 671, ¶ 7 (2015). Harmful error cannot be presumed; an agency error is harmful only where the record shows that the error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence of the error. *See id.* Here, even if the deciding official had erred in considering the four additional witness statements, such error would not likely have caused her to reach a different conclusion regarding the appellant's removal because the witness statements contained no new information than that in the evidence file. *See Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681 (1991) (explaining that a procedural error is harmful if it likely had a harmful effect upon the outcome of the case); *see also* 5 C.F.R. § 1201.4(r).

<u>The administrative judge properly found that the appellant's due process claim regarding his oral reply conference was untimely.</u>

¶11        On review, the appellant also raises a due process claim regarding his oral reply conference.  PFR File, Tab 1 at 10-14.  However, the administrative judge found that this claim was untimely because the appellant did not raise it before the prehearing conference pursuant to 5 C.F.R. § 1201.24(b); ID at 30.  The appellant alleges that the agency committed the following due process violations concerning the oral reply conference:  (1) an agency official, not the deciding official, was present at the oral reply conference; (2) documents that the appellant submitted at the oral reply were not provided to the deciding official; and (3) there were typographical errors in the oral reply summary prepared by the agency official.  ID at 30; PFR File, Tab 1 at 10-14.  The administrative judge did not list these specific due process allegations in the summary of the telephonic prehearing conference, which stated that additional issues would be precluded.  IAF, Tab 16 at 8-10.  The parties were given the opportunity to object to the summary either in writing prior to the hearing or on the record at the commencement of the hearing.  *Id.* at 10.  The appellant did not object.  HT, Vol. 1, at 6:3-15.  Because the appellant failed to object to the administrative judge's summary of the prehearing conference, he may not now raise this claim on review.  *See Crowe v. Small Business Administration*, 53 M.S.P.R. 631, 634-35 (1992) (finding that an issue is not properly before the Board when it is not included in the administrative judge's memorandum summarizing the prehearing conference, which states that no other issues will be considered, unless either party objects to the exclusion of that issue in the summary).  Thus, the Board need not consider this claim further.[8]

---

[8] Even if the appellant had timely raised this due process claim below, he has not provided a basis for disturbing the administrative judge's finding that a violation did not occur.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); ID at 30.

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for
_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.